UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-81466-ROSENBERG

BERNARD W. GLEASON,

    Plaintiff,

v.

FORD MOTOR CREDIT
COMPANY, et al.,

    Defendants.

    _____/

### ORDER GRANTING THE DEFENDANTS' MOTIONS TO COMPEL ARBITRATION

**THIS CAUSE** is before the Court on the Defendants' Motions to Compel Arbitration at docket entries 10 and 11. The Motions have been fully briefed. For the reasons set forth below, the Motions are granted.

The Plaintiff leased an automobile. DE 1 at 1. He has brought this action under the Consumer Leasing Act, 15 U.S.C. § 1667, contending that certain disclosures in his lease were unlawful. *Id.* The lease contained an arbitration clause. DE 13. Consistent with that clause, the Plaintiff previously demanded arbitration before the American Arbitration Association, or "AAA." *Id.* at 5. After the AAA failed to receive the necessary filing fees, however, the AAA terminated the arbitration. *Id.* The parties characterize the AAA's termination of arbitration very differently, with the Plaintiff simply stating the fees were not timely paid by the Defendants, and the Defendants attributing the failure to pay to a lack of notice from the AAA of the need to pay. DE 10 at 6.

The dispute before the Court turns solely on whether the Defendants have waived the right to arbitrate, with the Plaintiff arguing this waiver occurred when the Defendants failed to pay the necessary fees to the AAA. It is true that a defendant's failure to pay an arbitration fee can result in a waiver of the right to arbitrate. *E.g., Freeman v. SmartPay Leasing, LLC*, 771 F.

App'x 926 (11th Cir. 2019).  Whether a waiver occurs, however, depends on the facts of each case.  *Burton-Dixie Corp. v. Timothy McCarthy Constr. Co.*, 436 F.2d 405, 408 (5th Cir. 1971).  However, "because federal law favors arbitration, any party arguing waiver of arbitration bears a heavy burden of proof." *Stone v. E.F. Hutton & Co.*, 898 F.2d 1542, 1543 (11th Cir. 1990).

Here, the Plaintiff has not carried its "heavy burden of proof" to establish waiver.  For example, the Defendants have provided evidence that the AAA's request for payment was sent to Defendant Ford Motor Credit, not Defendant Al Packer, but that the letter demanded payment from Al Packer, not Ford Motor Credit. DE 10-4.  Al Packer's address does not appear on the letters demanding payment. *Id.*  And far from exhibiting an intention to waive arbitration, the Defendants have vehemently asserted their collective desire to arbitrate in their filings before this Court.

Therefore, because the Plaintiff has not carried his heavy burden to establish waiver, it is **ORDERED AND ADJUDGED** that the Defendants' Motions to Compel Arbitration [DE 10, 11] are both granted.  This matter is **STAYED** and the parties are **ORDERED** to proceed with arbitration, consistent with their agreement to do so.  The Clerk of the Court shall **CLOSE THIS CASE** and all other pending motions are **DENIED AS MOOT**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 7th day of February, 2024.

*[signature: Robin L. Rosenberg]*
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record